**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

STRIKE 3 HOLDINGS, LLC,

        Plaintiff,

v.                                            Case No. 18-10101

JOHN DOE subscriber assigned IP address
68.61.180.151,

        Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF LEAVE TO SERVE THIRD PARTY
SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

      Plaintiff Strike 3 Holdings, LLC, owns intellectual property related to a number of adult brands. Its property includes copyrights to adult films and trademarks related to the brands' names and logos. Plaintiff avers that Defendant John Doe—an anonymous internet user known thus far only by an IP address identified by Plaintiff's investigator—is infringing on some of its copyrights. Defendant allegedly uses BitTorrent, a data-sharing protocol used to distribute large files over the internet, to copy and distribute Plaintiff's adult films. Plaintiff asks for leave to serve a third party subpoena on Defendants internet service provider ("ISP") so that it may effectuate service. (Dkt. #5.) For the following reasons, the court will grant the motion.

      A party may not seek discovery "from any source" prior to a scheduling conference unless the court orders discovery or the parties agree to discovery by stipulation. Fed. R. Civ. P. 26(d). The Sixth Circuit has not set forth a standard to use in evaluating a request to serve a third party subpoena meant to identify a John Doe

1

defendant. Courts presented with such requests have used a "good cause" standard. *See Third Degree Films v. John Does 1–72*, No. 12-14106, 2012 WL 12931709, at *1 (E.D. Mich. Nov. 13, 2012) (Grand, J.) (collecting cases).

Plaintiff has demonstrated good cause here. Plaintiff claims that it is the owner of the allegedly-infringed works, that Defendant copied and distributed those works, and that the works are original. *See* Dkt. #1 Pg. ID 7–8; *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Plaintiff's request is limited in that it asks only for the name and address of the person associated with the IP address 68.61.180.151. The subpoena is likely the only available means to obtain this information, as Plaintiff avers that Defendant's ISP is the only entity that can link Defendant's IP address to his name and physical address. (Dkt. #5 Pg. ID 35–36.) Finally, Defendant does not have a reasonable expectation of privacy in his internet subscriber information. *See Third Degree Films*, 2012 WL 12931709, at *2; *see also United States v. Carpenter*, 819 F.3d 880, 887 (6th Cir. 2016) ("[C]ourts have not (yet, at least) extended [Fourth Amendment] protections to the internet analogue to envelope markings, namely the metadata used to route internet communications, like . . . IP addresses.").

The First Amendment, however, does protect a person's decision to remain anonymous on the internet. *Signature Mgmt. Team, LLC v. Doe*, 876 F.3d 831, 835–36 (6th Cir. 2017). The courts have thus "begun to develop balancing tests weighing the First Amendment right to anonymous speech against a plaintiff's interest in unmasking an anonymous defendant." *Id.* at 836. But while the Sixth Circuit has acknowledged a presumption in favor of unmasking of an anonymous defendant where judgment is entered in favor of a plaintiff, *id.* at 837, there is no such presumption in favor of pre-

2

judgment unmasking. While Plaintiff has asked for leave to serve its subpoena so that it may "learn Defendant's identity, investigate Defendant's role in the infringement, and effectuate service," (Dkt. #5 Pg. ID 28), it has not yet demonstrated that Defendant should be publicly unmasked. Until such a showing is made, Defendant will be allowed to proceed anonymously. Any identifying information received in response to the subpoena authorized here shall be used by Plaintiff solely for the purpose of protecting its rights under the Copyright Act, 17 U.S.C. § 101. Until further order of the court, it may not be disclosed to anyone but the parties in this action and their counsel of record. Accordingly,

IT IS ORDERED that Plaintiff's motion for leave to serve a third party subpoena (Dkt. #5) is GRANTED. Plaintiff may serve a subpoena on Defendant's ISP, Comcast Cable Communications, LLC, under Federal Rule of Civil Procedure 45. Plaintiff may request Defendant's true name and address.

IT IS FURTHER ORDERED that Plaintiff serve Defendant's ISP with a copy of this order along with the subpoena. Defendant's ISP may move to quash or modify the subpoena at any time before the return date of the subpoena. Defendant's ISP shall preserve any information sought in the subpoena until it has been provided to Plaintiff or until otherwise ordered by the court.

IT IS FURTHER ORDERED that Defendant's ISP shall, within seven days after service of the subpoena, make a reasonable effort to inform Defendant of the subpoena by, if possible, providing Defendant with a copy of the subpoena and this order.

Defendant may move to quash or modify the subpoena at any time before the return date of the subpoena.

s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  March 2, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 2, 2018, by electronic and/or ordinary mail.

s/Lisa Wagner  
Case Manager and Deputy Clerk  
(810) 292-6522

S:\Cleland\KNP\Civil\18-10101.STRIKE3.subpoena.isp.26f.KNP.docx

4